**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

FRANCISCO J. VILLANUEVA,

                Plaintiff,

                v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Civil Action No. 19-16634 (MAS)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

      This matter comes before the Court upon Plaintiff Francisco J. Villanueva's ("Plaintiff")
appeal from the final decision of Andrew Saul, Commissioner of the Social Security
Administration ("Defendant" or "Commissioner"), denying Plaintiff's application for disability
insurance benefits ("DIB"). (ECF No. 1.) The Court has jurisdiction to review this matter pursuant
to 42 U.S.C. § 405(g), and reaches its decision without oral argument pursuant to Local Civil
Rule 78.1. For the reasons set forth herein, the Court remands this matter for further proceedings.

## I.  BACKGROUND

### A.  Procedural History[1]

      Plaintiff applied for DIB on June 14, 2012, alleging disability based on right arm, neck,
and shoulder injuries and diabetes. (AR 173–76, 196.) Plaintiff's application was denied initially
and upon reconsideration. (*Id.* at 91–95, 99–101.) The Administrative Law Judge ("ALJ")

---

[1] The Administrative Record ("AR") is located at ECF Nos. 6 through 6-15. The Court will
reference the relevant pages of the AR and will not reference the corresponding ECF page numbers
within those files.

conducted an administrative hearing on October 15, 2014, following which the ALJ issued a decision finding that Plaintiff was not disabled. (*Id.* at 12–65.) The Appeals Council denied Plaintiff's request for review on August 23, 2016. (*Id.* at 1–7.) On October 27, 2016, Plaintiff filed an appeal to the District Court of New Jersey, and the case was assigned to the Honorable Brian R. Martinotti, U.S.D.J. (*Id.* at 932–36.) The parties consented to remand the matter to the Appeals Council and, on July 31, 2017, Judge Martinotti issued an order reversing and remanding the matter. (*Id.* at 937–39.) On January 9, 2018, the Appeals Council returned the matter to the ALJ to give further consideration to Plaintiff's maximum residual functional capacity ("RFC") and resolve the following issues: (1) whether Plaintiff can perform any of his past work and (2) whether Plaintiff's neck disorder met or equaled the requirements of Section 1.04.[2] (*Id.* at 943–45.)

The ALJ conducted a second administrative hearing on August 2, 2018, following which the ALJ issued a decision finding that Plaintiff was not disabled. (*Id.* at 857–906.) On August 13, 2019, Plaintiff filed the instant appeal to the District Court of New Jersey and the matter was assigned to the Undersigned. (Compl., ECF No. 1.) Plaintiff filed his brief on August 4, 2020 (ECF No. 15), and the Commissioner filed opposition on September 14, 2020 (ECF No. 16).

### B.    The ALJ's Decision

On April 16, 2019, the ALJ rendered a decision. (AR 857–79.) The ALJ set forth the Social Security Administration's five-step sequential process for determining whether an individual is disabled. (*Id.* at 862–63.) At step one of the analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity ("SGA") from October 18, 2010, the alleged disability onset date, through his date last insured on September 30, 2017. (*Id.* at 864.) At step two of the analysis, the

---

[2] The Appeals Council also consolidated Plaintiff's June 14, 2012 request with a subsequent request he filed on September 24, 2016. (AR 944.) The Appeals Council rendered the second claim duplicative of the first. (*Id.*)

ALJ found that Plaintiff had the severe impairments of (1) neck and shoulder disorder, (2) right arm disorder, and (3) diabetes. (*Id.*)

At step three, the ALJ determined that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 864–65.) The ALJ next found that Plaintiff possessed the RFC to:

> [P]erform the exertional demands of light work . . . ; specifically, he was able to: lift/carry [twenty pounds] occasionally and [ten pounds] frequently; stand/walk for [six] hours in an eight hour work day; sit for [six] hours in an eight hour work day; and perform unlimited pushing and pulling within the weight restriction given, except that [Plaintiff] was unable to perform any overhead reaching with either upper extremity. [F]urther[,] . . . [Plaintiff] was able to perform jobs: that involved no use of ladders/ropes/scaffolds; and that required unlimited use of ramps/stairs; and that required unlimited balancing, stooping, kneeling, crouching[,] and crawling. [Plaintiff] was able to perform frequent handling with both hands but only occasional fingering with the right hand, and unlimited fingering on the left[.]

(*Id.* at 865.)

At step four, the ALJ found Plaintiff unable to perform past relevant work ("PRW") as a security guard. (*Id.* at 870–71.) At step five, the ALJ found that, considering Plaintiff's age, education, and work experience, and relying on the testimony of the vocational expert ("VE"), Plaintiff was able to perform the requirements of representative occupations available in significant numbers in the national economy, such as microfilm mounter, sealing machine operator, and "[i]nspector/[p]acker." (*Id.* at 871–72.) The ALJ, accordingly, found that Plaintiff has not been under disability from October 18, 2010 through September 30, 2017. (*Id.* at 872.)

## II.   LEGAL STANDARD

### A.   Standard of Review

On appeal from the final decision of the Commissioner of the Social Security Administration, the district court "shall have power to enter, upon the pleadings and transcript of

the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000); *Daring v. Heckler*, 727 F.2d 64, 68 (3d Cir. 1984); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "'may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the Court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation and citation omitted). Even if the Court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001). The Court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706–07 (3d Cir. 1981) (internal citation omitted).

### B.    Establishing Disability

In order to be eligible for disability benefits, a claimant must be unable to "engage in any [SGA] by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). For purposes of the statute, a claimant is disabled only if his physical or mental impairments are "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of [SGA] which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Social Security regulations provide a five-step evaluation procedure to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). For the first step, the claimant must establish that he has not engaged in any SGA since the onset of his alleged disability. 20 C.F.R. § 404.1520(a)(4)(i). For the second step, the claimant must establish that he suffers from a "severe . . . impairment" or "combination of impairments." 20 C.F.R. § 404.1520(a)(4)(ii). The claimant bears the burden of establishing the first two requirements, and failure to satisfy either automatically results in a denial of benefits. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the first two steps are satisfied, the third step requires the claimant to provide evidence that his impairment is equal to one of the impairments listed in Appendix 1 of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant demonstrates that he suffers from a listed impairment or that his severe impairment is equal to a listed impairment, he is presumed to be disabled and is automatically entitled to disability benefits. *Id.* If he cannot so demonstrate, the eligibility analysis proceeds to step four. The fourth step of the analysis requires the ALJ to determine whether the

claimant's RFC permits him to resume his previous employment. 20 C.F.R. § 404.1520(e). If the claimant can perform his previous line of work, then he is not "disabled" and not entitled to disability benefits. 20 C.F.R. § 404.1520(f). If the claimant is unable to return to his previous work, the analysis proceeds to step five.

The burden of persuasion rests with the claimant in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009). At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work that is consistent with his medical impairments, age, education, past work experience, and RFC. 20 C.F.R. § 404.1520(g). If the Commissioner cannot satisfy this burden, the claimant will receive Social Security benefits. *Id.*

## III.   DISCUSSION

On appeal, Plaintiff argues that the ALJ failed to compare the combined effects of all of Plaintiff's impairments with one or more of the Commissioner's listings in step three. (Pl.'s Moving Br. 16–17, ECF No. 15.) Plaintiff asserts that, when combined, (1) the herniated discs in his neck, (2) the sensory loss and limited motion in his right arm, and (3) his diabetes—along with the numerous procedures performed to treat these conditions—"establish a medical equivalence with the requirements of paragraph 1.04, 1.02[,] and SSR 14-2p of the listing of impairments." (*Id.*) According to Plaintiff, the ALJ's failure to "present a single word which even claims to have considered all of these impairments in combination" leaves this Court with "an obvious hole in the step [three] analysis." (*Id.* at 17, 20.) Defendant argues that the ALJ "considered the relevant evidence, and reasonably found that it does not support finding that all the criteria" were met. (Def.'s Opp'n Br. 11, ECF No. 16.)

If a claimant's impairment or combination of impairments is found to be one of the listed impairments, or is found to be the medical equivalent of a listed impairment, a claimant is automatically deemed disabled at step three in the sequential evaluation process. 20 C.F.R. § 404.1520(d). In making a determination at step three, an ALJ should set forth the evidence she found persuasive, the evidence she rejected, and her reasoning. *Cotter*, 642 F.2d at 705–07.

Here, the Court must remand for further analysis regarding the combined effect of Plaintiff's impairments. In the decision, the ALJ found that Plaintiff had the severe impairments of a neck and shoulder disorder, a right arm disorder, and diabetes. (AR 864.) Although the ALJ adequately compared Plaintiff's impairments to the relevant Appendix 1 listings and set forth evidence she found persuasive, she did so *individually*. (*Id.* at 864–65.) The only mention of an analysis of the *combined* effects of Plaintiff's impairments is a conclusory statement by the ALJ that "the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments[.]" (*Id.* at 864.) Such conclusory statements are grounds for remand. *See Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000); *Torres v. Comm'r of Soc. Sec.*, 279 F. App'x 149, 152 (3d Cir. 2008) ("There is no way to review the ALJ's decision in this case because no reasons were given for his conclusion that [the claimant's] impairments in combination did not meet or equal an Appendix 1 listing."). Furthermore, the ALJ's discussion and analysis in subsequent portions of the decision do not sufficiently support the ALJ's step three findings for the Court to find that the decision was supported by substantial evidence. Here, the ALJ's decision does not contain adequate analysis upon which the Court can perform a meaningful review. As such, the Undersigned must remand the matter for the ALJ to "fully develop the record and explain [her] findings at step three, including an analysis of whether and why [Plaintiff's] . . . impairments, or those impairments

*combined*, are or are not equivalent in severity to one of the listed impairments." *Burnett*, 220 F.3d at 120 (emphasis added).[3]

### IV.   CONCLUSION

For the reasons set forth above, this matter is remanded for further proceedings. An Order consistent with this Memorandum Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[3] Since the Court finds that the ALJ's step three determination was not based on substantial evidence, it does not reach arguments related to subsequent steps.

8